# In the United States Court of Federal Claims

No. 18-1956C

(E-Filed:  January 26, 2022)

|  |  |  |
|---|---|---|
| JOHN CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Motion for Attorneys' Fees and Costs; |
| v. | ) | RCFC 54(d); Equal Access to Justice |
| | ) | Act; 28 U.S.C. § 2412; Prevailing Party. |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Stephen J. McBrady, Washington, DC, for plaintiff.  Christian N. Curran, Charles Baek, Barton F. Stichman, Rochelle Bobroff, David Sonenshine, and Esther Leibfarth, of counsel.

William P. Rayel, Senior Trial Counsel, with whom were Brian M. Boynton, Acting Assistant Attorney General, Martin F. Hockey, Jr., Acting Director, Douglas K. Mickle, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.  Nicholas D. Morjal, United States Army Legal Services Agency, and Bernard E. Doyle, National Guard Bureau, of counsel.

OPINION

CAMPBELL-SMITH, Judge.

On June 24, 2021, plaintiff filed a motion for attorneys' fees and expenses pursuant to Rule 54(d) of the Rules of the United States Court of Federal Claims (RCFC) and the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  See ECF No. 31. Defendant filed its response on July 22, 2021, see ECF No. 32, and plaintiff filed a reply on August 5, 2021, see ECF No. 33.

Briefing is now complete, and the motion is ripe for decision.  The court has considered all of the parties' arguments and addresses the issues that are pertinent to the court's ruling in this opinion.  For the following reasons, plaintiff's motion for attorneys' fees and expenses is **DENIED**.

I.      Background

In this military disability retirement pay case, plaintiff challenged certain aspects of his separation from the United States Army National Guard.  See ECF No. 1 at 14, 23 (complaint).  Plaintiff alleged that the Army Board for Correction of Military Records (ABCMR) failed to offer him appropriate relief regarding his separation.  See id. at 17-22.  Before responding to the complaint or producing an administrative record, defendant moved to remand the case to the ABCMR to consider plaintiff's claims.  See ECF No. 7 (motion to remand).  Defendant specifically stated that its motion was "predicated upon the interests of justice and [was] not predicated upon an admission of error by the" Army. Id. at 3.  And in ruling on the motion, the court characterized defendant's motion as suggesting that remand "would be [the] most efficient" way to resolve the case.  See ECF No. 10 at 1 (May 1, 2019 remand order).

On May 1, 2019, the court granted defendant's motion for remand over plaintiff's objection.  See id. at 2.  The court explained its decision, in relevant part, as follows:

> Having considered all of the parties' arguments, defendant's voluntary remand request must be granted for two principal reasons. The ABCMR has not yet considered the findings of Dr. Kathryn R. O'Donnell.  See ECF No. 1 at 16-17.  As defendant notes, it is possible that once the ABCMR has considered this new evidence, some or all of plaintiff's requests for relief may be granted by that board.  See ECF No. 7 at 4 (stating that "[i]f the ABCMR agrees with [plaintiff], it may obviate the need for further litigation").  Further, once the ABCMR has created a more extensive record of the Army's consideration of all of [plaintiff's] claims, that record would be essential to further litigation in this court, if the ABCMR again rejects [plaintiff's] requests for relief.  See ECF No. 9 at 1-2 (stating that the government "is seeking to have the ABCMR decide, for the first time, whether [plaintiff] was unfit for duty at the time of his separation, a determination that is necessary for [plaintiff] to obtain the relief he seeks").

Id.  The court then directed defendant to file the administrative record and remanded the matter to the ABCMR.  See id.  On January 29, 2021, the parties filed a joint status report in which they agreed that the matter had been fully resolved at the administrative level,

see ECF No. 27 (January 29, 2021 joint status report), and plaintiff filed an unopposed motion to dismiss this case on March 26, 2021, see ECF No. 28 (motion to dismiss).  The same day, the court granted the motion to dismiss, see ECF No. 29 (March 26, 2021 order granting motion to dismiss), and entered judgment dismissing plaintiff's complaint with prejudice, see ECF No. 30 (March 26, 2021 judgment).

Plaintiff now claims that he is entitled to recover attorneys' fees and expenses as the prevailing party in this litigation.  See ECF No. 31.

II.   Legal Standards

As a general rule, plaintiffs may not recover attorneys' fees from the United States.  See Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1983).  The EAJA creates an exception to this general rule, and under certain circumstances, also allows for recovery of costs.  See 28 U.S.C. § 2412.  The statute states, in relevant part, as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The statute requires that:  (1) an EAJA applicant be a "prevailing party"; (2) the government's position must not have been substantially justified; (3) no "special circumstances make an award unjust"; (4) the fee application must have been submitted within thirty days of final judgment in the action; and (5) the applicant have a net worth as an individual of less than $2,000,000 at the time the action was filed.  28 U.S.C. § 2412(d)(1)(A), (d)(1)(B), (d)(2)(B); Comm'r, Immigr. & Naturalization Serv. v. Jean, 496 U.S. 154, 158 (1990).  The plaintiff bears the burden of establishing each requirement, except the defendant must establish that its position was substantially justified.  See Davis v. Nicholson, 475 F.3d 1360, 1366 (Fed. Cir. 2007); Doty v. United States, 71 F.3d 384, 385 (Fed. Cir. 1995) ("When a party has prevailed in litigation against the government, the government bears the burden of establishing that its position was substantially justified.").

Because the EAJA renders defendant liable for attorneys' fees for which it would not otherwise be responsible, the statute operates as a partial waiver of sovereign

immunity.  See Ardestani v. Immigr. & Naturalization Serv., 502 U.S. 129, 137 (1991).
The statute must, therefore, "be strictly construed in favor of the United States."  Id.

III.    Analysis

The first requirement for recovery under the EAJA is that the applicant for fees
and costs must be a "prevailing party."  28 U.S.C. 2412(d)(1)(A).  The Supreme Court of
the United States has held that "a 'prevailing party' is one who has been awarded some
relief by the court."  Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health
& Hum. Res., 532 U.S. 598, 603 (2001).  The United States Court of Appeals for the
Federal Circuit applies "the definition of 'prevailing party' in Buckhannon to EAJA
cases."  Davis, 475 F.3d at 1363 (citing Brickwood Contrs., Inc. v. United States, 288
F.3d 1371, 1379 (Fed. Cir. 2002).  The Federal Circuit has explained, however, that
"[b]ecause remands do not necessarily provide any relief on the merits, [it] ha[s]
developed tests based on Supreme Court cases for determining when court-to-
administrative agency remands confer prevailing party status."  Id. (citing Former Emps.
of Motorola Ceramic Prods. v. United States, 336 F.3d 1360, 1366 (Fed. Cir. 2003).

Under Federal Circuit precedent:

where the plaintiff secures a remand requiring further agency proceedings
because of alleged error by the agency, the plaintiff qualifies as a prevailing
party (1) without regard to the outcome of the agency proceedings where
there has been no retention of jurisdiction by the court, or (2) when successful
in the remand proceedings where there has been a retention of jurisdiction.

Id.  "[R]emands not rooted in agency error do not result in prevailing party status."  Ward
v. United States Postal Serv., 672 F.3d 1294, 1299 (Fed. Cir. 2012).  Accordingly, this
court has determined that an EAJA applicant is a prevailing party in a case involving an
agency remand, but over which the court retains jurisdiction, when two conditions are
met:  (1) the remand must be predicated on an agency's error; and (2) the applicant must
have prevailed before the agency.  See Martinez v. United States, 94 Fed. Cl. 176, 181-82
(2010).

Here, plaintiff contends that he is a prevailing party within the meaning of the
EAJA.  See ECF No. 31 at 24-28.  The parties agree that:  (1) the case was remanded; (2)
the court retained jurisdiction during the pendency of the remand; and (3) plaintiff
prevailed before the agency.  See ECF No. 31 at 25; ECF No. 32 at 11-13; ECF No. 33 at
6.  As such, the only disputed issue is whether the court's remand order was based on
agency error.  See ECF No. 31 at 25; ECF No. 32 at 14-20; ECF No. 33 at 6.

To determine whether a remand was based on agency error, the court looks to both the remand order itself and the "context of the full record." Martinez, 94 Fed. Cl. at 182 (citing Davis, 475 F.3d at 1365). "Where there has been a remand to an administrative agency without a judicial finding of administrative error or a concession of such error by the agency, the default rule is that the remand is not based on administrative error for EAJA purposes," and the EAJA applicant has the burden to prove otherwise. Davis, 475 F.3d at 1366. Notably, the Federal Circuit has held that neither remands for the purposes of considering "newly acquired evidence," nor remands on the basis of "judicial economy" meet this standard. Ward, 672 F.3d at 1300 (internal quotation marks and citations omitted).

According to plaintiff, "the record evidence overwhelmingly demonstrates the remand was necessitated due to egregious and repeated errors on the part of the [g]overnment." ECF No. 31 at 25. In support of this statement, plaintiff cites to the ABCMR's December 30, 2019 decision in his favor as proof that his claims for relief were well-founded. See id. at 26-27 (citing ECF No. 31-1 at 165-209 (ABCMR December 30, 2019 decision)). Plaintiff emphasizes, in particular, his claim that the agency failed "to provide [him] with the appropriate process and the related fitness determination," characterizing this failure as both "admitted by the ABCMR" and "exactly the issue that the [g]overnment relied upon in seeking remand." Id. at 26 (citing ECF No. 9 at 1 (defendant's reply in support of its motion for remand)).

As an initial matter, however, plaintiff's argument relies in large part on matters that were not before the court at the time it remanded the case and therefore could not have served as the predicate for the remand decision. The court issued its remand decision on May 1, 2019, see ECF No. 10, and the ABCMR's decision on which plaintiff relies as proof of agency error was not issued until December 30, 2019, see ECF No. 31-1 at 165-209. Plaintiff cannot establish that the court's remand decision was based on agency errors as identified by the ABCMR more than eight months later.

In addition, while the court recognizes that plaintiff ultimately demonstrated agency error in the ABCMR proceedings, the court's remand decision simply did not substantively consider any of plaintiff's claims. This reality is evident in light of both the record that was before the court at the time of the remand decision and the content of the remand decision itself. First, the only substantive filing before the court prior to its ruling on defendant's motion for remand was plaintiff's complaint. See ECF No. 1. Defendant had neither answered the complaint, nor produced the administrative record before the court granted the motion for remand. Having considered no evidence—or even complete

5

argument—in the case, the court was not in a position to make any legal determinations related to the agency's actions.

Moreover, the language of the court's order makes clear that it assumed no such error at the time of remand. As noted above, the court granted the motion for remand on the following bases:

> Having considered all of the parties' arguments, defendant's voluntary remand request must be granted for two principal reasons. The ABCMR has not yet considered the findings of Dr. Kathryn R. O'Donnell. See ECF No. 1 at 16-17. As defendant notes, it is possible that once the ABCMR has considered this new evidence, some or all of plaintiff's requests for relief may be granted by that board. See ECF No. 7 at 4 (stating that "[i]f the ABCMR agrees with [plaintiff], it may obviate the need for further litigation"). Further, once the ABCMR has created a more extensive record of the Army's consideration of all of [plaintiff's] claims, that record would be essential to further litigation in this court, if the ABCMR again rejects [plaintiff's] requests for relief. See ECF No. 9 at 1-2 (stating that the government "is seeking to have the ABCMR decide, for the first time, whether [plaintiff] was unfit for duty at the time of his separation, a determination that is necessary for [plaintiff] to obtain the relief he seeks").

ECF No. 10 at 2. The court's stated reasons for remand—to allow the agency to consider new evidence and to create a more complete record for review—are rooted in concerns for judicial efficiency and ensuring that a complete record was available to the court based on which it could later determine whether the agency had erred. The record does not support plaintiff's contention that the court found, either implicitly or explicitly, an agency error prior to remand.

Plaintiff also suggests that defendant conceded an agency error at the time of remand, arguing that that "while the [g]overnment did not expressly concede error, it functionally did by admitting that the record should have, but did not, contain a predicate fitness finding from a competent board such that the remand was necessary to correct that error." ECF No. 31 at 26. The court disagrees.

Plaintiff made this same argument in his response in opposition to the motion for remand, claiming that "[b]y arguing that a fitness determination is now necessary before [plaintiff's] case can be adjudicated on the merits, the [g]overnment is acknowledging that the ABCMR's decision not to make such a determination in the first instance was error." ECF No. 8 at 6. In its reply, defendant rejected plaintiff's assertion, stating that it

did "not concede" agency error, but was seeking remand because it had "concerns" about the agency's process.  ECF No. 9 at 3-4.  Defendant argued that, in doing so, it was acting in accordance with Federal Circuit precedent which permits an agency to seek remand "simply to reconsider a previous position without conceding error."  Id. at 3 (citing SKF USA Inc. v. United States, 254 F.3d 1022, 1029 (Fed. Cir. 2011) ("[T]he agency may request a remand (without confessing error) in order to reconsider its previous position.  .  .  .  It might simply state that it had doubts about the correctness of its decision or that decision's relationship to the agency's other policies.")).

     After considering these arguments, the court finds that defendant did not implicitly acknowledge agency error.  To find otherwise would require the court to ascribe to defendant a position that it has plainly disclaimed.  And while such a disclaimer will not always insulate defendant in this regard, in order to succeed in demonstrating defendant's concession under such circumstances, plaintiff must identify some support in the record, beyond its ultimate success before the agency, that defendant acknowledged its error at the time of the remand.  See e.g., Monroe v. United States, 150 Fed. Cl. 786, 792 (2020) (finding that an EAJA applicant was a prevailing party despite the defendant's claims that it was not conceding agency error when the defendant acknowledged in its motion for remand that the agency "inappropriately considered regulations and policy post-dating [the agency's] final determination"); Martinez, 94 Fed. Cl. at 183 (finding that an EAJA applicant was a prevailing party despite the fact that defendant did not explicitly admit agency error because "defendant's statements and actions indicate that defendant ha[d] conceded error," and noting that in recognition of the error, "the parties jointly requested," a correction to plaintiff's disability rating, which the court included in the remand order).

     Plaintiff has not identified any such evidence here.  Instead, as defendant notes, plaintiff "seeks prevailing party status based upon the purported strength of his case, even though the [c]ourt remanded the case based on judicial economy, rather than agency error."  ECF No. 32 at 18.  The fact that the ABCMR ultimately granted plaintiff the relief he sought does not satisfy the separate requirement for prevailing party status that the remand decision itself must have been predicated on an agency error.  See Martinez, 94 Fed. Cl. at 182 (noting that in order to establish prevailing party status, an EAJA applicant must separately demonstrate that the remand was based on agency error and that the party was ultimately successful before the agency).

     Thus, because plaintiff has not demonstrated that either the court or the defendant implicitly or explicitly assigned an error to the agency at the time of remand, the court cannot depart from "the default rule . . . that the remand is not based on administrative error," and concludes that plaintiff is not a prevailing party for purposes of the EAJA.

<u>Davis</u>, 475 F.3d at 1366.  Because plaintiff cannot show that he was the prevailing party, he cannot recover under the EAJA.  <u>See</u> 28 U.S.C. § 2412(d)(1)(A).

IV.     Conclusion

Accordingly, for the foregoing reasons, plaintiff's motion for attorneys' fees and expenses, ECF No. 31, is **DENIED**.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Judge